## IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
### AT NASHVILLE

KARN TOM THONGKUMGOOL,      )
                                  )
        Appellant,      )  **C.C.A. NO. 01C01-9707-CR-00281**
                                  )  **(No. 94-A-533 Below)**
VS.                              )  **DAVIDSON COUNTY**
                                  )
**STATE OF TENNESSEE,**          )  **The Hon. J. Randall Wyatt, Jr.**
                                  )
        Appellee.          )  **(Dismissal of Post-Conviction Petition)**
                                  )
                                  )  **AFFIRMED PURSUANT TO RULE 20**

**FILED**

**April 9, 1998**

**Cecil W. Crowson**
**Appellate Court Clerk**

### O R D E R

        This matter is before the Court upon the state's motion requesting that the judgment in the above-styled cause be affirmed pursuant to Rule 20, Tennessee Court of Criminal Appeals Rules. The petitioner filed a response in opposition to the motion.

        It appears that on June 17, 1994, the petitioner, a juvenile at the time, pled guilty to second-degree murder, especially aggravated robbery, and robbery, and agreed to an effective sentence of 50 years. The petitioner filed his petition for post-conviction relief on June 20, 1997. According to the pleadings, the petitioner turned 18 years of age on January 15, 1996. The trial court dismissed the petition without a hearing upon a finding that the petition was filed outside the one-year statute of limitations.

        Pursuant to T.C.A. § 40-30-202(a), a petitioner must petition for post-conviction relief within one year of the date of the final action of the highest state appellate court to which an appeal was taken or, if no appeal was taken, within one year of the date on which the judgment became final. The Compiler's Notes to T.C.A. § 40-30-201 states that the 1995 Post-Conviction Act governs all petitions for post-conviction relief filed after May 10, 1995. Moreover, the Compiler's Notes indicate that "any person having ground for relief recognized under this part shall have at least one (1) year from May 10, 1995, to file a petition or a motion to reopen a petition under this part." Moreover, the statute clearly states that the one-year limitations period shall not be tolled for any reason, including any tolling or saving provision otherwise available at law or equity. T.C.A. § 40-30-202(a).

        Under T.C.A. § 40-30-202(b), a court does not have jurisdiction to consider a petition for post-conviction relief if it was filed outside the one-year statute of limitations unless (1) the claim in the petition is based upon a final ruling of an appellate court establishing a constitutional right that was not recognized as existing at the time of trial, if retrospective application of that right is required; (2) the claim in the petition is based upon new scientific

evidence establishing that such petitioner is actually innocent of the offense or offenses for which the petitioner was convicted; or (3) the claim in the petition seeks relief from a sentence that was enhanced because of a previous conviction and such conviction in the case in which the claim is asserted was not a guilty plea with an agreed sentence, and the previous conviction has subsequently been held to be invalid.

In the present case, the petitioner filed his petition for post-conviction relief on June 20, 1997. Accordingly, the petition was filed outside the statute of limitations set forth in T.C.A. § 40-30-202(a). The petitioner has failed to show that any of his claims fall within one of the exceptions set forth in T.C.A. § 40-30-202(b).

Finally, we recognize that under the prior Post-Conviction Act, this Court held that the general tolling statute applied to the statute of limitations on post-conviction petitions, making the three-year statute of limitations begin to run on the date a petitioner reached the age of majority. See State v. David Wayne Britt, No. 02C01-9410-CC-00234 (Tenn. Crim. App., at Jackson, July 26, 1995). See also, Watkins v. State, 903 S.W.2d 302 (Tenn. 1995). The new Post-Conviction Act includes a provision stating that no tolling or saving provisions apply. See T.C.A. §§ 40-30-202(a). Regardless, the petitioner did not file his petition for post-conviction relief within one year of his eighteenth birthday.

IT IS, THEREFORE, ORDERED that the state's motion to affirm the judgment of the trial court under Rule 20, Tennessee Court of Criminal Appeals Rules, is granted, and the judgment of the trial court is affirmed. The petitioner being indigent, costs are taxed to the state.

ENTER, this the _____ day of April, 1998.

_____
THOMAS T. WOODALL, JUDGE

CONCUR:

_____
DAVID H. WELLES, JUDGE

_____
JERRY L. SMITH, JUDGE

-2-